James P. Laurick, OSB No. 821530
jlaurick@kilmerlaw.com
Kilmer, Voorhees & Laurick, P.C.
732 NW 19th Avenue
Portland, Oregon 97209
Telephone: (503) 224-0055
Fax: (503) 222-5290

Attorneys for Defendant Bank of America, N.A.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **KRISTYN DAWSON**, an individual,<br><br>Plaintiff,<br><br>v.<br><br>**BANK OF NEW YORK MELLON,** a Delaware corporation; and **BANK OF AMERICA, N.A.** and its subsidiaries including aka Bank of America Loan Servicing, LP, Countrywide Financial Corporation, and Countrywide Home Loans, Inc.; **DITECH FINANCIAL, LLC** as successor by merger to Green Tree Servicing LLC**,**<br><br>Defendants. | Case No. 3:16-cv-01427-HZ<br><br>**DEFENDANT BANK OF AMERICA, N.A.'S MOTION AND SUPPORTING MEMORANDUM TO DISMISS PLAINTIFF'S COMPLAINT**<br><br><u>**Oral Argument Requested**</u> |

## LR 7-1(a) CERTIFICATION

Counsel for Defendant Bank of America, N.A., certifies that he attempted to confer with

Counsel for Plaintiff Kristyn Dawson regarding the substance of this Motion, but the parties

could not reach an agreement.

/ / /

/ / /

Page  1 -   **DEFENDANT BANK OF AMERICA, N.A.'S
MOTION AND SUPPORTING MEMORANDUM TO
DISMISS PLAINTIFF'S COMPLAINT**

## MOTION

Defendant Bank of America, N.A. ("BANA" or "Defendant"), by and through their counsel of record, **James P. Laurick** and Kilmer, Voorhees & Laurick, PC, respectfully move this Court to dismiss Plaintiff's claims for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6). In support of this Motion, BANA relies upon the pleadings and documents on file and the supporting Memorandum of Law and Request for Judicial Notice filed concurrently herewith.

## MEMORANDUM OF LAW

## I.    INTRODUCTION

In July of 2005, Plaintiff obtained a $288,000 loan. Now, after more than ten years of enjoying the benefits of that loan (*i.e.*, use of the property) and nearly six years after defaulting on that loan, Plaintiff files this complaint against defendants The Bank of New York Mellon ("BONYM"), Ditech Financial, LLC ("Ditech") and BANA challenging their right to foreclose. The crux of Plaintiff's complaint is twofold: (1) the original lender, America's Wholesale Lender ("AWL") is allegedly not a valid entity licensed to do business in Oregon, which purportedly renders the trust deed at issue in this case void and ineffective to impose a lien on the property and (2) the defendants intentionally and repeatedly declined Plaintiff for a loan modification because it was in their financial best interest to foreclose.

These arguments have no merit. First, AWL was the assumed business name of the lender, Countrywide Home Loans, Inc. ("Countrywide"), and there is no legal issue with operating under an assumed business name in Oregon. Second, although it is regrettable that Plaintiff did not qualify for a loan modification that is not the fault of any of the defendants. There was no large scale conspiracy to steal Plaintiff's home.

For these reasons and as discussed below, Plaintiff's complaint ("Compl.") fails to state a claim as a matter of law and must be dismissed without leave to amend.

/ / /

/ / /

Page  2 -   **DEFENDANT BANK OF AMERICA, N.A.'S MOTION AND SUPPORTING MEMORANDUM TO DISMISS PLAINTIFF'S COMPLAINT**

KILMER VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
732 N.W. 19TH AVENUE
PORTLAND, OREGON 97209-1302
(503) 224-0055 · Fax (503) 222-5290

## II.    STATEMENT OF FACTS AND PROCEDURAL HISTORY

Plaintiff obtained a $288,000 loan on July 25, 2005 secured by property located at 36480 SE Boitano Road, Sandy, OR 97055 (the "Property"). Compl. ¶¶ 2, 6.  The Deed of Trust ("DOT") identifies America's Wholesale Lender as the lender, Ticor Title as the trustee, and MERS as the beneficiary and as "nominee for Lender and Lender's successors and assigns." Defendant's Request for Judicial Notice ("RJN") Ex. A.  There has been no foreclosure sale of the Property, and there is no pending foreclosure sale.

Plaintiff alleges that AWL did not exist when the DOT was signed and thus the DOT and the Note are both purportedly void and none of the defendants have a right to foreclose. Compl. ¶6.  Plaintiff further alleges she was repeatedly denied loan modification assistance due to defendants desire to foreclose on the Property.  Compl. ¶¶ 35-37; 43.

On July 14, 2016, Plaintiff filed her complaint, which attempts to state claims for declaratory relief, intentional interference with economic relationship, violations of the Oregon Unfair Trade Practices Act, and breach of the covenant of good faith and fair dealing.  Plaintiff seeks a judicial declaration that: (1) MERS and the defendants are not the beneficiary of the loan and therefore have no power to foreclose; and (2) declaring the Note and Deed of Trust void because AWL was not and has never been a valid legal entity.  Plaintiff seeks actual damages of $186,500, punitive damages of $1,680,000 plus attorney's fees and costs.

This case simply concerns a borrower who is unable to make her loan payments due to unforeseen circumstances.  Instead of accepting this fact, she seeks to blame other parties in an attempt to obtain a financial windfall and relieve herself of her legal obligations.

## III.    MOTION TO DISMISS

### A.    Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires a plaintiff to provide "'a short and plain statement of the claim showing that [he] . . . [is] entitled to relief,' in order to 'give the defendant[s] fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Bell Atl.*

Page  3 -    **DEFENDANT BANK OF AMERICA, N.A.'S MOTION AND SUPPORTING MEMORANDUM TO DISMISS PLAINTIFF'S COMPLAINT**

KILMER VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
732 N.W. 19TH AVENUE
PORTLAND, OREGON 97209-1302
(503) 224-0055 · Fax (503) 222-5290

*Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Claims that fail to meet this standard must be dismissed under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted."

While these rules do not require heightened fact pleading, they do require that a complaint contain sufficient factual allegations, which, accepted as true, state a claim for relief "'that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. at 570 (2007)). Where, however, the plaintiff fails to "nudge[] [his] claims across the line from conceivable to plausible, [his] complaint must be dismissed." *Twombly*, 550 U.S. at 570. This "plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557). Indeed, where there is an "obvious alternative explanation" for the conduct alleged, the complaint should be dismissed. *Iqbal*, 129 S. Ct. at 1951. Therefore, to survive a motion to dismiss under Rule 12(b)(6), the plaintiff must provide more than just "labels and conclusions"; rather, he must provide the grounds of his entitlement to relief. *Twombly*, 550 U.S. at 555 ("formulaic recitation of the elements of a cause of action will not do.").

Moreover, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 129 S. Ct. at 1949-50 ("threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice[;] only a complaint that states a plausible claim for relief survives a motion to dismiss."). Indeed, while legal conclusions may establish the complaint's basic framework, "they must be supported by factual allegations." *Id*. at 1950.

In addition, where it is clear amendment would be futile, the court may dismiss the Complaint without leave to amend. *See Havas v. Thorton*, 609 F.2d 372 (9th Cir. 1979). Here,

Page 4 -    **DEFENDANT BANK OF AMERICA, N.A.'S
             MOTION AND SUPPORTING MEMORANDUM TO
             DISMISS PLAINTIFF'S COMPLAINT**

KILMER VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
732 N.W. 19TH AVENUE
PORTLAND, OREGON 97209-1302
(503) 224-0055 · Fax (503) 222-5290

as discussed below, Plaintiff has not "nudged" her claim "across the line from conceivable to plausible." *Iqbal*, 129 S. Ct. at 1951 (*citing Twombly*, 550 U.S. at 570).  Accordingly, because no amendment will cure the Complaint's deficiencies, the Court should grant BANA's Motion to Dismiss without leave to amend.

       **B.**    **Plaintiff's Declaratory Relief Claim Fails as a Matter of Law.**

       Plaintiff seeks a judicial declaration that (1) MERS and the defendants are not the beneficiary of the loan and therefore have no power to foreclose; and (2) declaring the Note and Deed of Trust void because AWL was not and has never been a valid legal entity.  Compl.¶ 28. Plaintiff's allegations fail to state a claim, as there is no justiciable controversy for this Court to adjudicate.

       The **Declaratory Judgment** Act provides: "In a case of actual controversy within its jurisdiction, . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a). The exercise of jurisdiction under the **Declaratory Judgment** Act is at the discretion of the district court. *Gov't Emp. Ins. Co. v. Dizol*, 133 F.3d 1220, 1223 (9th Cir. 1998).  Thus, "[e]ven if the district court has subject matter jurisdiction, it is not required to exercise its authority to hear the case." *Huth v. Hartford Ins. Co. of the Midwest*, 298 F.3d 800, 802 (9th Cir. 2002).

       There must be an "actual, ongoing controversy [that] exist[s] at all stages" of the proceedings, such that the issues are "live" and the parties have an interest in the outcome.  *Pitts v. Terrible Herbst, Inc*., 653 F.3d 1081, 1086 (9th Cir. 2011*). See also United States v. Geophysical Corp. of Alaska*, 732 F.2d 698, 698 (9th Cir. 1984) (basic question in determining mootness is whether there is a present controversy as to which effective relief can be granted). In the present case, there is no "live" controversy, thus Plaintiff's request for declaratory judgment should be denied.

       **1.**    **The DOT is Not Void.**

       There is no justiciable controversy, because America's Wholesale Lender ("AWL") was

Page  5 -   **DEFENDANT BANK OF AMERICA, N.A.'S MOTION AND SUPPORTING MEMORANDUM TO DISMISS PLAINTIFF'S COMPLAINT**

KILMER VOORHEES & LAURICK,P.C.
A PROFESSIONAL CORPORATION
732 N.W. 19TH AVENUE
PORTLAND, OREGON 97209-1302
(503) 224-0055 · Fax (503) 222-5290

the assumed business name of Countrywide Home Loans, Inc. ("Countrywide").  AWL was registered with the Oregon Secretary of State as the assumed business name of Countrywide on July 25, 2005, and had been registered as the assumed business name of Countrywide since March 29, 1995.  RJN, Ex. B. Countrywide was registered to do business in Oregon on July 25, 2005, and had been registered to do business in Oregon since June 25, 1984.  RJN Ex. C. Plaintiff's misunderstanding of the Lender information on the DOT does not render the DOT invalid or void. On July 25, 2005, both Countrywide and AWL were registered to do business in Oregon and Plaintiff's arguments to the contrary are simply incorrect.  That Plaintiff found a New York Corporation named America's Wholesale Lender, Inc. does not affect the validity of AWL being the assumed business name of the lender on Plaintiff's DOT.

Plaintiff argues that Countrywide could not be the lender because the Note says "America's Wholesale Lender, A New York Corporation."  While this issue has not been addressed in Oregon yet, it has been addressed by several other states, including other courts in the Ninth Circuit.

BANA points the Court to six other states in which it has been determined that listing America's Wholesale Lender a New York Corporation did not create any confusion, was not inaccurate and did not render the note void.  *See Johnson v. Nationstar Mortg., LLC,* 470 S.W.3d 754, 760 (Mo. Ct. App. 2015)("First, both the Note and Deed clearly define "Lender" as America's Wholesale Lender. Second, both instruments reference Countrywide as a party to the agreement: in the Note, via the endorsement-in-blank to Countrywide d/b/a America's Wholesale Lender; in the Deed, via reference to Countrywide's Document Processing address. Third, the mailing addresses used for America's Wholesale Lender in the Note and in the Deed are identical. Finally, the Registrations of Fictitious Name that Countrywide made with the Missouri Secretary of State in 1996 and 2010 clearly demonstrate public notice of the relationship between America's Wholesale Lender and Countrywide, thereby minimizing any latent ambiguity regarding the legal status of "America's Wholesale Lender." Based upon the foregoing facts, we

KILMER VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
732 N.W. 19TH AVENUE
PORTLAND, OREGON 97209-1302
(503) 224-0055 · Fax (503) 222-5290

conclude that the Deed and Note clearly and unambiguously identify Countrywide d/b/a America's Wholesale Lender as a party to the security instruments"); *Roberts v. America's Wholesale Lender,* 2012 U.S. Dist. LEXIS 55276, *2 (D. Utah Mar. 22, 2012)("[T]he magistrate judge determined that America's Wholesale Lender ("AWL") was simply a trade name for Countrywide Home Loans, Inc., and the magistrate judge concluded, therefore, that plaintiff's claims challenging AWL's corporate identity were without factual or legal basis."); *Sparks v. Bank of N.Y. Mellon,* 2015 U.S. Dist. LEXIS 88055, *9-10 (S.D. Tex. July 7, 2015)("Plaintiff now argues that because "America's Wholesale Lender, a New York Corporation never existed, it could not have been competent to enter into an agreement with [Plaintiff] or assign any agreement or security instrument concerning [Plaintiff] to a third party." Plaintiff does not deny, however, that this "non-existent" lender advanced to him $119,000 to help purchase the real property that is the subject of the mortgage. Moreover, Plaintiff *admits* that he owes the debt. Plaintiff's motion that America's Wholesale Lender does not exist evidently derives from a state trial court judgment in Florida, in which the court found a 2005 mortgage in favor of the lender, "America's Wholesale Lender, a New York Corporation," was invalid and void because America's Wholesale Lender at the time was not in fact incorporated in New York nor licensed to do business in Florida. Assuming that the Florida judgment is evidence sufficient to raise a fact issue that America's Wholesale Lender was not incorporated in New York, it is not evidence that America's Wholesale Lender was nonexistent. In fact, the Court takes judicial notice that the entity known as America's Wholesale Lender has been a party to other litigation in this Court, and the Court previously observed that "America's Wholesale Lender is the trade name for Countrywide Home Loans." Plaintiff's conclusory arguments relating to the purported non-existence of America's Wholesale Lender are insufficient to raise a genuine issue of fact regarding the validity of the contract between Plaintiff as Borrower and America's Wholesale Lender as Lender."); *Bashore v. Bank of Am.,* 2012 U.S. Dist. LEXIS 24604, *7 (E.D. Tex. Feb. 27, 2012)("First, Plaintiffs claim that they entered into the mortgage agreement with America's

Page  7 -   **DEFENDANT BANK OF AMERICA, N.A.'S MOTION AND SUPPORTING MEMORANDUM TO DISMISS PLAINTIFF'S COMPLAINT**

KILMER VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
732 N.W. 19TH AVENUE
PORTLAND, OREGON 97209-1302
(503) 224-0055 · Fax (503) 222-5290

Wholesale Lender ("AWL") and that it was not disclosed to them that AWL was an assumed name for Countrywide. Plaintiffs claim that had they known this they would have "reconsidered their acceptance of the Mortgage Documents." A review of the record here indicates that Countrywide Home Loans, Inc. filed an assumed name certificate for America's Wholesale Lender three years before Plaintiffs signed the mortgage documents here. The Court finds that such filing was sufficient under Texas law. *See* TEX. BUS. & COM. CODE § 71.101. The fact that Plaintiffs may have later had the benefit of hindsight does not state a claim here that would invalidate their obligations under the mortgage documents."); and *Tyshkevich v. Wells Fargo Bank, N.A.*, 2016 U.S. Dist. LEXIS 5526, *26 (E.D. Cal. Jan. 14, 2016)([P]laintiff pressed the possibility that AWL was actually non-existent, rather than simply a fictional name, by asserting that the Deeds of Trust identify AWL as a New York corporation, when in fact, she alleges, it was not a New York corporation. This argument misreads the Deeds of Trust. They do not state that "AWL" is a corporation. Rather, they state that the "Lender" is a corporation organized under the laws of New York. While the wording could be clearer, this plain meaning of this is that the "Lender" — which plaintiff implicitly acknowledges is *Countrywide* (dba AWL) — is a New York Corporation. It does not assert that AWL — the fictitious name itself — is a New York Corporation.")

As best explained by the California Court of Appeals, "[t]hus in using the fictitious name America's Wholesale Lender in the loan documents, Countrywide acted properly and did not create or purport to create any new juridical entity…[t]he fact that the loan documents went further and stated that America's Wholesale Lender is a New York Corporation was not inaccurate or misleading. Countrywide, doing business as **America's Wholesale Lender**, is and was a New York corporation and, like a multitude of other businesses, is permitted to operate under its fictitious name." *Vildosola v. Countrywide Home Loans, Inc.*, 2015 Cal. App. Unpub. LEXIS 6448, 2015 WL 5258687 at *2 at *5 (Cal. App., 4th Dist. September 10, 2015) (unpublished).

Page  8 -   **DEFENDANT BANK OF AMERICA, N.A.'S MOTION AND SUPPORTING MEMORANDUM TO DISMISS PLAINTIFF'S COMPLAINT**

KILMER VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
732 N.W. 19TH AVENUE
PORTLAND, OREGON 97209-1302
(503) 224-0055 · Fax (503) 222-5290

Consequently, the DOT is not void and Plaintiff is bound by both the DOT and the underlying Note.

### 2. MERS' Status as Nominee Does Not Render the Assignment Void.

Plaintiff alleges that the May 2, 2011 and October 24, 2013 assignments from MERS to BONYM were a nullity as MERS cannot be a beneficiary of an Oregon deed of trust. Compl. ¶ 28C.

Plaintiff's references to MERS are nothing more than a red herring. In *Brandrup v. ReconTrust Co., N.A.*, the Oregon Supreme Court held that "[f]or purposes of ORS 86.735(1), the 'beneficiary' is the lender to whom the obligation that the trust deed secures is owed or the lender's successor in interest." *Brandrup v. ReconTrust Co., N.A.*, 353 Ore. 668, 689 (Or. 2013). As to MERS, the Court held that "[t]hus, an entity like MERS, which is not a lender, may not be a trust deed's 'beneficiary,' unless it is a lender's successor in interest." *Id.*; *see also Niday v. GMAC Mortgage, LLC, et al.*, 353 Or. 648, 658, 302 P.3d 444 (2013) (holding that MERS does not meet the statutory definition of "beneficiary" and cannot claim any authority as a trust deed beneficiary under the OTDA because it does not own the underlying promise to repay). However, that MERS cannot be the "beneficiary" does not mean that the mere presence of MERS on a deed of trust renders that instrument void or any subsequent foreclosures of that instrument void. The Supreme Court noted in its *Niday* holding that even though MERS cannot act as a beneficiary in its own right, it may establish that it was the beneficiary's agent and able to act in that capacity. *Id.* Because the record contained insufficient evidence to make a determination of MERS' agency status at the time it executed the Appointment of Successor Trustee, the *Niday* Court remanded the matter to the trial court. *Id.*

Here, even if this Court were to find the May 2, 2011 and October 24, 2013 assignments from MERS to BONYM were invalid, BONYM's status as beneficiary derives not from any assignment of the DOT but from its status as note-holder. *Brandrup*, 353 Ore. at 693; *Niday*, 353 Ore. at 660. As a result, the presence of MERS on the subject DOT or assignment as nominee is

Page  9 -  **DEFENDANT BANK OF AMERICA, N.A.'S MOTION AND SUPPORTING MEMORANDUM TO DISMISS PLAINTIFF'S COMPLAINT**

KILMER VOORHEES & LAURICK,P.C.
A PROFESSIONAL CORPORATION
732 N.W. 19ᵀᴴ AVENUE
PORTLAND, OREGON 97209-1302
(503) 224-0055 · Fax (503) 222-5290

irrelevant to BONYM's status as beneficiary as a matter of Oregon law in its capacity as note holder and Plaintiff's arguments to the contrary have no merit.

### 3.    Plaintiff Has No Standing to Challenge Either Assignment.

Plaintiff's challenge to either of the assignments has no merit, as Plaintiff lacks the legal capacity to contest the assignment.  Plaintiff was not a party to any assignments of the DOT, or to assignments of the underlying note. Litigants have no standing to challenge the validity of an agreement to which they were not parties unless they make an affirmative showing that they are intended beneficiaries of that agreement. *See e.g., Huang v. Claussen*, 147 Or. App. 330, 335, 936 P.2d 394 (1997).

Thus, the Assignment of the DOT was valid and BONYM has the authority to foreclose on the Property.  As such, Plaintiff's request for Declaratory Judgment should be dismissed with prejudice.

### C.    Plaintiff's Claim for Intentional Interference with Economic Relationship Fails as a Matter of Law.

Plaintiff alleges that BANA mishandled her loan modification application out of a desire to benefit themselves, as opposed to the beneficiary of the Note and Deed of Trust, and thus intentionally interfered with Plaintiff's economic relationship with the beneficiary of the Note and Deed of Trust.  Compl. ¶¶ 30-35.  There are six elements in a claim of intentional interference with economic relationship ("IIER"). Plaintiff must allege (1) existence of a business or professional relationship; (2) intentional interference; (3) by a third party; (4) accomplished through improper means or improper purpose; (5) causal effect between interference and damages; and (6) damages. *McGanty v. Staudenraus*, 321 Ore. 532, 901 P.2d 841, 844 (Or. 1995).

Plaintiff's claim for IIER fails because there was no intentional interference accomplished through improper means that damaged Plaintiff.  First and foremost, Plaintiff's claim that she and the beneficiaries of the Note and Deed of Trust "maintained a mutual prospective economic advantage in utilizing loss mitigation assistance programs" (Compl. ¶ 32)

Page  10 - **DEFENDANT BANK OF AMERICA, N.A.'S MOTION AND SUPPORTING MEMORANDUM TO DISMISS PLAINTIFF'S COMPLAINT**

KILMER VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
732 N.W. 19TH AVENUE
PORTLAND, OREGON 97209-1302
(503) 224-0055 · FAX (503) 222-5290

is simply incorrect.  Plaintiff states no basis for this belief, which is understandable as her statement is completely illogical.  Whether modifying a loan would be in the best interest of the beneficiary of the Note and Deed of Trust would depend entirely upon the terms of the specific modification in question.  That Plaintiff did not qualify for a loan modification is unfortunate, but that was due to Plaintiff's financial situation not fitting in with the investor guidelines, not any bad acts on the part of BANA.

Second, BANA repeatedly evaluated Plaintiff for a loan modification and even offered her a loan modification that she turned down.  Compl. ¶ 19.  Third, Plaintiff claims BANA acted in bad faith by failing to "allow for proper considerations" under the National Mortgage Settlement ("NMS") loan modification program.  Compl. ¶ 34.  To the extent Plaintiff is alleging that BANA violated the terms of the NMS, her claim fails as a matter of law because Plaintiff does not have standing to raise such a claim.[1]  Plaintiff simultaneously complains that BANA solicited her for a loan modification under the NMS "promising a principal reduction" even though the loan's investor would not allow the principal reduction.  Compl. ¶ 17.  This allegation misstates BANA's solicitation.  Instead of promising relief, BANA's solicitation merely invited Plaintiff to apply for relief and specifically informed the Plaintiff that she would have to qualify for the NMS modification before any principal reduction would be applied.  *See* Compl., Ex. 1 (stating specifically "If you qualify for this modification . . . " before any relief would be provided).

Finally, Plaintiff has not been damaged in any way by BANA's conduct.  The terms of the Note and Deed of Trust Plaintiff signed on July 25, 2005 do not promise Plaintiff a loan

---

[1] Plaintiff is not a party to the NMS, and therefore cannot state a claim to enforce its terms.  Several courts have already held that borrowers, like Plaintiff, lack standing to enforce the terms of the NMS.  *See, e.g.*, *JPMorgan Chase Bank, NA v. Ackley*, No. 12-1338, 2013 WL 1749783 (Iowa Ct. App. Apr. 24, 2013) (finding that an affirmative defense alleging a NMS violation was correctly thrown out on summary judgment); *Jurewitz v. Bank of America*, 938 F. Supp.2d 994 (S.D. Cal. 2013); *Rehbein v. CitiMortgage, Inc.*, 937 F. Supp.2d 753 (E.D. Va. 2013) (holding that a borrower had "no right to bring third-party suits to enforce the Consent Judgment" because the "language of the Consent Judgment indicates that the parties to the agreement did *not* intend the individual borrowers to be able to sue to protect the benefits the Consent Judgment confers.").

KILMER VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
732 N.W. 19TH AVENUE
PORTLAND, OREGON 97209-1302
(503) 224-0055 · Fax (503) 222-5290

modification in the event that she is unable to make the loan payments.  Plaintiff was repeatedly reviewed for loss mitigation options.  The only loan modification offered to Plaintiff, she did not accept.  Compl. ¶ 19.  The only conduct that damaged Plaintiff was her own conduct of failing to make the monthly payments required by the terms of the Note and Deed of Trust that she signed.

Plaintiff's claim for IIER fails as a matter of law and should be dismissed with prejudice.

### D.    Plaintiff's Claim for Violations of the Oregon Unlawful Trade Practices Act Fail as a Matter of Law.

Plaintiff claims that BANA violated the Oregon Unlawful Trade Practices Act ("OUTPA"), specifically ORS 646.608(1)(u) and (4) and OAR 137-020-0805(3) and (6) (Compl. ¶ 41), by failing to deal with Plaintiff in good faith during the loan modification process.  Compl. ¶ 42.  However, the factual allegations in Plaintiff's Complaint against BANA are conclusory and insufficient to support a claim for violations of the OUTPA.  Therefore, Plaintiff's OUTPA claim must be dismissed for failure to state a viable claim.

Plaintiff alleges that all Defendants engaged in conduct which was not in good faith in violation of OAR 137-020-0805(3),[2] but the only instances of specific conduct she cites are conclusory and unsupported by any evidence.  First, Plaintiff states that BANA "lacked any financial incentive to modify the loans of homeowners" (Compl. ¶ 42) and "induced the Plaintiff to believe that there were no workable loan modification programs available to them."  (Compl. ¶ 43).  But Plaintiff provides no explanation for these statements.  She provides no examples of how or why BANA lacked any financial incentive to modify loans they were servicing.  Plaintiff provides no explanation of the benefit BANA would receive from lying to the investors of the loans they service.  Simply put, Plaintiff has provided nothing but unsupported assertions to bolster her claim for violations of OUTPA.

Plaintiff also baldly asserts that BANA artificially increased the stated value of the Property in order to make it appear as though foreclosure would be in the financial interest of the

---

[2]Plaintiff alleges that all three (3) defendants' conduct was not in good faith and in violation of Oregon Administrative Rule 137-020-0805, referred to by the Oregon Department of Justice as "Unfair and Deceptive Acts in Mortgage Loan Servicing."

Page 12 - **DEFENDANT BANK OF AMERICA, N.A.'S MOTION AND SUPPORTING MEMORANDUM TO DISMISS PLAINTIFF'S COMPLAINT**

KILMER VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
732 N.W. 19TH AVENUE
PORTLAND, OREGON 97209-1302
(503) 224-0055 · Fax (503) 222-5290

investor.[3]  Compl. ¶ 18.  However, this statement is directly contradicted by Plaintiff's prior statement that she should have never been solicited for the NMS loan modification and put through a NPV test, because her investor would not allow the principal write off that is included in a NMS loan modification.  Compl. ¶ 17.  Plaintiff does not explain why BANA would need to falsify a document to make it appear that the loan modification should be denied when the Plaintiff never qualified for the program in the first place.  This is simply illogical.

Nowhere does Plaintiff allege specifically *when* BANA engaged in conduct, the alleged conduct, or *how* it was "unlawful" under the OUTPA.   Plaintiff's OUTPA claim is as conclusory as one can get.

The same rule applies here. Plaintiff has pled that BANA has violated the OUTPA, but has not stated any specific information concerning *how* and *when* BANA allegedly did so. Consequently, Plaintiff's OUTPA claim should be dismissed.

### E.   Plaintiff's Claim for Breach of the Covenant of Good Faith and Fair Dealing Fails as a Matter of Law.

Plaintiff claims that BANA breached the duty of good faith and fair dealing implicit in every contract by "demanding and/or by losing the paperwork sent to it by Plaintiff."  Compl. ¶ 48.  Under Oregon law, there is "[n]o duty of good faith and fair dealing . . . in the absence of an enforceable contract."  *Barinaga v. JPMorgan Chase & Co.*, 749 F. Supp. 2d 1164, 1178 (D. Or. 2010) (citing *Herron v. Wells Fargo Fin., Inc.*, 299 Fed. Appx. 713, 714-15 (9th Cir. 2008)). Furthermore, even where a contract exists, the implied duty of good faith and fair dealing only arises if "the parties have not agreed to an express term that governs the issue." *Barinaga*, 749 F. Supp. 2d at 1178 (citing *Oregon Univ. Sys. v. Oregon Pub.  Employees Union*, 185 Or. App. 506, 511 (2002)).  In other words, a party that has acted consistently with a contract's clear terms is not liable for breaching the implied covenant of good faith and fair dealing.  *See Stevens v. Foren*, 154 Or. App. 52, 58, 959 P.2d 1008 (1998) ("[T]he duty of good faith and fair dealing

---

[3] Again, to the extent Plaintiff claims that BANA violated the terms of the NMS, Plaintiff's claims fail as a matter of law because she does not have standing to assert such a claim.  *See* supra note 1.

Page  13 - **DEFENDANT BANK OF AMERICA, N.A.'S MOTION AND SUPPORTING MEMORANDUM TO DISMISS PLAINTIFF'S COMPLAINT**

KILMER VOORHEES & LAURICK,P.C.
A PROFESSIONAL CORPORATION
732 N.W. 19TH AVENUE
PORTLAND, OREGON 97209-1302
(503) 224-0055 · Fax (503) 222-5290

cannot contradict an express contractual term, nor does it provide a remedy for an unpleasantly motivated act that is permitted expressly by contract"); *see also Uptown Heights Associates v. Seafirst Corp.,* 320 Or. 638, 645, 891 P.2d 639 (1995) (holding that a "party invoking its express, written contractual right does not, merely by so doing, violate its duty of good faith.").

There are no provisions in the underlying Note or Deed of Trust stating that a borrower will be reviewed for a loan modification if they default on their payments. Defendant has not and cannot show any material fact to establish the existence of an enforceable contract in which BANA agreed to review her for a loan modification let alone permanently modify her loan, which is required for a valid claim. Under these applicable standards, Defendant has not and cannot show any material fact to establish that BANA has breached the implied duty of good faith and fair dealing.

Even if this court were to conclude that the good faith doctrine might apply to this case, well-established case law in Oregon is clear that the doctrine is violated only when the *objectively reasonable* contractual expectations of the complaining party had been frustrated. *See Best v. U.S. National Bank*, 303 Or. 557, 739 P2d 554 (1987) (where the Oregon Supreme Court addressed the application of good faith to contractual disputes). Whether those expectations are "objectively reasonable" may be determined by looking to the terms of the contract. *Stevens v. Foren*, 154 Or App 52, 58, 959 P2d 1008, *rev den* 327 Or 554 (1998).

Here, Plaintiff alleges that BANA violated its obligation of good faith and fair dealing by "demanding and/or by losing the paperwork sent to it by Plaintiff." Compl. ¶ 48. Even if these allegations were true, they do not constitute a breach of good faith and fair dealing. First, demanding paperwork to review a borrower for a loan modification cannot possibly be considered a violation of the covenant of good faith and fair dealing as a borrower must submit paperwork in order to be reviewed for a loan modification. Second, Plaintiff fails to allege any instance where BANA lost her loan modification paperwork. Plaintiff alleges that she was offered a loan modification and did not like the terms (Compl. ¶ 19) and that she was denied

KILMER VOORHEES & LAURICK,P.C.
A PROFESSIONAL CORPORATION
732 N.W. 19TH AVENUE
PORTLAND, OREGON 97209-1302
(503) 224-0055 · Fax (503) 222-5290

under the NMS program because of an artificially inflated "NPV" test (Compl. ¶ 18), but never that BANA lost her paperwork.

Further, Plaintiff's claim that BANA artificially increased the stated value of the Property in order to make it appear as though foreclosure would be in the financial interest of the investor (Compl. ¶ 18) is too conclusory to constitute evidence of bad faith.   This statement is directly contradicted by Plaintiff's prior statement that she should have never been solicited for the NMS loan modification and put through a NPV test, because her investor would not allow the principal write off that is included in a NMS loan modification.  Compl. ¶ 17.  Plaintiff does not explain why BANA would need to falsify a document to make it appear that the loan modification should be denied when the Plaintiff never qualified for the program in the first place. Plaintiff does not explain how BANA would benefit from deceiving the investor.

Plaintiff's attempt to claim that BANA acted in bad faith is simply unsupported by anything in Plaintiff's Complaint.  Therefore, Plaintiff's claim for breach of the covenant of good faith and fair dealing fails as a matter of law.

## IV.    <u>CONCLUSION</u>

For all the reasons discussed above, Plaintiff does not have any viable claim against BANA.  Moreover, it is evident that any amendment would be futile.  Therefore, BANA respectfully request that Plaintiff's Complaint be dismissed in its entirety with prejudice.

DATED:  August 5, 2016.

KILMER VOORHEES & LAURICK, P.C.

/s/ James P. Laurick
James P. Laurick, OSB No. 821530
jlaurick@kilmerlaw.com
732 NW 19th Avenue
Portland, OR  97209
Phone No.:  (503) 224-0055
Fax No.:  (503) 222-5290
Of Attorneys for Defendant Bank of America, N.A.

KILMER VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
732 N.W. 19TH AVENUE
PORTLAND, OREGON 97209-1302
(503) 224-0055 · Fax (503) 222-5290

## CERTIFICATE OF SERVICE

I certify that on this 5th day of August, 2016, the foregoing **DEFENDANT BANK OF AMERICA, N.A.'S MOTION AND SUPPORTING MEMORANDUM TO DISMISS PLAINTIFF'S COMPLAINT** will be served in accordance with the Court's CM/ECF system which will send notification of such filing by notice via email to the ECF participants of record a true copy of the foregoing document.

KILMER VOORHEES & LAURICK, P.C.


/s/ James P. Laurick
James P. Laurick, OSB No. 821530
jlaurick@kilmerlaw.com
732 NW 19th Avenue
Portland, OR  97209
Phone No.:  (503) 224-0055
Fax No.:  (503) 222-5290
Of Attorneys for Defendant Bank of America, N.A.
I:\10011\0056\Pleadings\BANA's Motion to Dismiss.docx

KILMER VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
732 N.W. 19TH AVENUE
PORTLAND, OREGON 97209-1302
(503) 224-0055 · FAX (503) 222-5290