**William G. Fig, OSB No. 952618**
wfig@sussmanshank.com
SUSSMAN SHANK LLP
1000 SW Broadway, Suite 1400
Portland, OR  97205-3089
Telephone: (503) 227-1111
Facsimile: (503) 248-0130
Attorneys for Ditech Financial LLC and
The Bank of New York Mellon Corporation

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **KRISTYN DAWSON,** | Case No. 3:16-cv-01427 |
| Plaintiff, | **DITECH FINANCIAL LLC AND THE BANK OF NEW YORK MELLON CORPORATION'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM** |
| v. | |
| **BANK OF NEW YORK MELLON CORPORATION, et. al.,** | |
| Defendants. | |

In response to plaintiff's Complaint, defendants Ditech Financial LLC ("Ditech") and The Bank of New York Mellon Corporation ("BONYM") (collectively, "Defendants") hereby admit, deny, and allege as follows:

1.

In response to paragraph A of plaintiff's Complaint, Defendants are without sufficient information to admit or deny the amount in controversy and, therefore, deny that allegation.  Defendants otherwise admit the allegations in paragraph 1.

Page 1 – **DITECH FINANCIAL LLC AND THE BANK OF NEW YORK MELLON CORPORATION'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM**

2.

Defendants admit the allegations in paragraph B of plaintiff's Complaint.

3.

In response to paragraph 1 of plaintiff's Complaint, Defendants are without sufficient information to admit or deny the allegations in this paragraph and, therefore, deny the same.

4.

Defendants admit the allegations in paragraph 2 of plaintiff's Complaint.

5.

In response to paragraph 3 of plaintiff's Complaint, BONYM admits it is a Delaware corporation and that its principal place of business is in New York, New York. BONYM further admits it acts as the trustee of securitized trusts that contain mortgage-backed securities. BONYM denies the remaining allegations in paragraph 3 of plaintiff's Complaint.

6.

In response to paragraph 4 of plaintiff's Complaint, Defendants are without sufficient information to admit or deny the allegations in this paragraph and, therefore, deny the same.

7.

In response to paragraph 5 of plaintiff's Complaint, Ditech admits it is a Delaware limited liability company, that it is the current servicer of plaintiff's loan, that it obtained the servicing rights to plaintiff's loan from Bank of America, that it was formerly known

Page 2 – **DITECH FINANCIAL LLC AND THE BANK OF NEW YORK MELLON CORPORATION'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM**

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130

as Green Tree Servicing LLC, and that, as a loan servicer, it is subject to some of the provisions set forth in RESPA. Ditech denies the remaining allegations in paragraph 5 of plaintiff's Complaint.

8.

In response to paragraph 6 of plaintiff's Complaint, Defendants admit that in July 2005, plaintiff borrowed $288,000 from America's Wholesale Lender that was secured by a Deed of Trust recorded against real property owned by plaintiff. Defendants admit that, on May 2, 2011, MERS executed an Assignment of Deed of Trust assigning any interest it had in the Deed of Trust to BONYM. Defendants admit that, on October 24, 2013, an Assignment of Deed of Trust executed by MERS was recorded. Defendants deny the remaining allegations in paragraph 6 of plaintiff's Complaint.

9.

In response to paragraphs 7 and 8 of plaintiff's Complaint, Defendants admit that plaintiff's loan was placed in a securitized trust identified as CWABS, INC., Asset-Backed Certificates, Series 2005-11. Defendants are currently without sufficient information to admit or deny the remaining allegations in paragraphs 7 and 8 of plaintiff's Complaint and, therefore, deny the same. If necessary, and as their investigation into this matters continues, Defendants will amend their answer to this paragraph.

10.

Defendants are without sufficient information to admit or deny the allegations in paragraphs 9 through 14 of plaintiff's Complaint and, therefore, deny the same.

/ / /

Page 3 – **DITECH FINANCIAL LLC AND THE BANK OF NEW YORK MELLON CORPORATION'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM**

11.

In response to paragraphs 15 and 16 of plaintiff's Complaint, Defendants admit that plaintiff filed bankruptcy in September 2011 and that the trustee submitted a final report in the bankruptcy case in October 2013. Defendants are without sufficient information to admit or deny the allegations in these paragraphs and, therefore, deny the same.

12.

Defendants are without sufficient information to admit or deny the allegations in paragraphs 17 through 19 of plaintiff's Complaint and, therefore, deny the same.

13.

In response to paragraph 20 of plaintiff's Complaint, Defendants admit that, on or about February 4, 2014, BONYM executed a limited power of attorney giving Green Tree Servicing the authority to take certain actions regarding certain loans, including loans in CWABS, INC., Asset-Backed Certificates, Series 2005-11. The language of the power of attorney speaks for itself, and Defendants deny any allegations inconsistent therewith. Defendants are without sufficient information to admit or deny the remaining allegations in paragraph 20 of plaintiff's Complaint and, therefore, deny the same.

14.

In response to paragraphs 21 and 22 of plaintiff's Complaint, Defendants admit that, on or about September 14, 2016, Green Tree became the servicer of plaintiff's loan, plaintiff applied for a loan modification with Green Tree, and plaintiff was denied a

Page 4 – **DITECH FINANCIAL LLC AND THE BANK OF NEW YORK MELLON CORPORATION'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM**

loan modification. Defendants deny any remaining allegations contained in paragraphs 21 and 22 of plaintiff's Complaint.

15.

In response to paragraph 23 of plaintiff's Complaint, Defendants admit that there was a Notice of Default recorded on or about March 10, 2016, that set forth a trustee's sale date of July 22, 2016.

16.

In response to paragraph 24 of plaintiff's Complaint, the language of the Deed of Trust speaks for itself, and Defendants deny any allegations inconsistent therewith.

17.

In response to paragraph 25 of plaintiff's Complaint, Defendants admit the promissory note and Deed of Trust each contain a provision that allows the lender, in certain circumstances, to recover its attorney fees. Defendants deny the remaining allegations in paragraph 25 of plaintiff's Complaint.

18.

In response to paragraph 26 of plaintiff's Complaint, Defendants reallege and incorporate by reference paragraphs 1 through 17 of their Answer.

19.

In response to paragraphs 27 and 28 of plaintiff's Complaint, Defendants deny that plaintiff is entitled to any declaratory relief.

20.

In response to paragraph 29 of plaintiff's Complaint, Defendants reallege and incorporate by reference paragraphs 1 through 19 of their Answer.

Page 5 – **DITECH FINANCIAL LLC AND THE BANK OF NEW YORK MELLON CORPORATION'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM**

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130

21.

In response to paragraph 30, Defendants admit that plaintiff is financially obligated to the holder of the note, if the note is endorsed to it or if the note is endorsed in blank. Defendants deny any remaining allegations in paragraph 30 of plaintiff's Complaint.

22.

In response to paragraphs 31 through 38 of plaintiff's Complaint, Ditech admits that some of the loans it serviced were eligible for the Making Home Affordable Program. Defendants deny the remaining allegations in these paragraphs of plaintiff's Complaint.

23.

In response to paragraph 39 of plaintiff's Complaint, Defendants reallege and incorporate by reference paragraphs 1 through 22 of their Answer.

24.

In response to paragraph 40 of plaintiff's Complaint, Defendants admit that Ditech does business in Oregon and, therefore, is generally subject to its laws. Defendants deny the remaining allegations in paragraph 24 of plaintiff's Complaint.

25.

Defendants deny the allegations in paragraphs 41 through 45 of plaintiff's Complaint.

/ / /

/ / /

Page 6 – **DITECH FINANCIAL LLC AND THE BANK OF NEW YORK MELLON CORPORATION'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM**

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130

26.

In response to paragraph 46 of plaintiff's Complaint, Defendants reallege and incorporate by reference paragraphs 1 through 25 of their Answer.

27.

Defendants deny the allegations in paragraphs 47 and 48 of plaintiff's Complaint.

28.

Except as expressly admitted herein, Defendants deny each and every allegation in plaintiff's Complaint.

## FIRST AFFIRMATIVE DEFENSE

### (Statute of Limitations)

29.

Plaintiff's Oregon Unfair Trade Practices Act claim against Defendants is barred in whole or in part by the applicable statute of limitations, ORS 646.638(6).

30.

Plaintiff's Intentional Interference with Economic Relationships claim against Defendants is barred, in whole or in part, by the applicable statute of limitations, ORS 12.110(1).

## SECOND AFFIMATIVE DEFENSE

### (Intervening Cause)

31.

Plaintiff's alleged damages were caused, in whole or in part, by plaintiff or a third party not within the control of Defendants.

/ / /

Page 7 – **DITECH FINANCIAL LLC AND THE BANK OF NEW YORK MELLON CORPORATION'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM**

### THIRD AFFIMATIVE DEFENSE

### (*Res Judicata*/Issue Preclusion)

32.

Plaintiff's claim regarding Defendants' authority to foreclose the subject Deed of Trust was fully litigated in her bankruptcy action.  Plaintiff is barred from re-litigating the issue in this lawsuit.

### FOURTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

32.

Plaintiff failed to mitigate her alleged damages.

### COUNTERCLAIM

### (Attorney Fees)

**33.**

Because plaintiff seeks attorney fees against Defendants, Defendants are entitled to recover their attorney fees from plaintiff under ORS 20.083.

WHEREFORE, Defendants pray that plaintiff's claims against them be dismissed, with prejudice, and that Defendants be awarded their costs and attorney fees incurred herein.

Dated this 10th day of August, 2016.

SUSSMAN SHANK LLP

By   */s/ William G. Fig*
    William G. Fig, OSB No. 952618
    (503) 227-1111
    Attorneys for Ditech Financial LLC and
    Bank of New York Mellon, NA

*22428-128\ANSWER - FINAL (02378026);1

Page 8 – **DITECH FINANCIAL LLC AND THE BANK OF NEW YORK MELLON CORPORATION'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM**