James P. Laurick, OSB No. 821530
jlaurick@kilmerlaw.com
Kilmer, Voorhees & Laurick, P.C.
732 NW 19th Avenue
Portland, Oregon 97209
Telephone: (503) 224-0055
Fax: (503) 222-5290

Attorneys for Defendant Bank of America, N.A.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **KRISTYN DAWSON**, an individual,<br><br>    Plaintiff,<br><br>    v.<br><br>**BANK OF NEW YORK MELLON,** a Delaware corporation; and **BANK OF AMERICA, N.A.** and its subsidiaries including aka Bank of America Loan Servicing, LP, Countrywide Financial Corporation, and Countrywide Home Loans, Inc.; **DITECH FINANCIAL, LLC** as successor by merger to Green Tree Servicing LLC**,**<br><br>    Defendants. | Case No. 3:16-cv-01427-HZ<br><br>**DEFENDANT BANK OF AMERICA, N.A.'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT** |

**DEFENDANT BANK OF AMERICA, N.A.'S REPLY IN SUPPORT
OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

  Defendant Bank of America, N.A., sued erroneously as "Bank of America, N.A. and its subsidiaries including aka Bank of America Loan Servicing, LP, Countrywide Financial Corporation, and Countrywide Home Loans, Inc." ("BANA" or "Defendant"), through its

Page 1 -  **DEFENDANT BANK OF AMERICA, N.A.'S REPLY
IN SUPPORT OF MOTION TO DISMISS
PLAINTIFF'S COMPLAINT**

KILMER VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
732 N.W. 19TH AVENUE
PORTLAND, OREGON 97209-1302
(503) 224-0055 · FAX (503) 222-5290

undersigned counsel, files this Reply to Plaintiff's Response to Defendant's Motion to Dismiss Complaint, and states as follows:

## I. Introduction

Plaintiff filed her Response on September 19, 2016, in which she focuses on two main points: (1) that BANA's motion to dismiss ("MTD") relied on extrinsic evidence, which is not allowed under Oregon law and (2) the fact that America's Wholesale Lender, a registered trade name, did not exist as a corporation, when she was obtaining the underlying loan.

This lawsuit is nothing more than an attempt by Plaintiff to avoid the repayment obligations she agreed to when she signed the underlying Note.  That Plaintiff is facing foreclosure proceedings is due to her actions (or inactions) and nothing more.  Plaintiff should not be able to circumvent her legal obligations simply because she found some obtuse argument on an online blog that claims America's Wholesale Lender is a fictional entity.

For these reasons and as discussed below, Plaintiff's Complaint still fails to state a claim as a matter of law and must be dismissed without leave to amend.

## II. Legal Analysis

### A. Plaintiff's Assertion that Extrinsic Documents Can Only be Utilized When the Agreement is Ambiguous is Not Supported by Federal or Oregon Law.

Plaintiff asserts that BANA's request that the Court take judicial notice of publicly available documents is an improper request to look outside the four corners of the Complaint. Opp'n p. 2, lines 13-20; p. 4, lines 21-23.  Further, Plaintiff contends this is only appropriate when the agreement is ambiguous and if the agreement is ambiguous it is a question for a jury. Opp'n p. 2, lines 13-20.  While Plaintiff might be correct that it is inappropriate for the Court to take judicial notice of certain types of documents in a motion to dismiss, the assertion that this is always improper under Oregon law is patently false.

In ruling on a motion to dismiss for failure to state a claim, "a court may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and

Page  2 -  **DEFENDANT BANK OF AMERICA, N.A.'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

KILMER VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
732 N.W. 19TH AVENUE
PORTLAND, OREGON 97209-1302
(503) 224-0055 · FAX (503) 222-5290

matters properly subject to judicial notice." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007).  The Federal Rules of Evidence permit courts to "judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).  Accordingly, the court may properly take judicial notice of matters in the public record on a motion to dismiss, and in doing so "does not convert a Rule **12(b)(6)** motion to one for summary judgment." M*ack v. South Bay Beer Distrib.*. 798 F.2d 1279, 1282 (9th Cir. 1986), *overruled on other grounds by Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104, 111, 111 S. Ct. 2166, 115 L. Ed. 2d 96 (1981); *see also* Fed. R. Evid. 201(b); *Woodworth v. Bank of Am.*, 2011 U.S. Dist. LEXIS 43255, 6-7 (D. Or. Mar. 22, 2011).

On a motion to dismiss, the court may consider not just documents in the public record but also documents that are incorporated by reference into a plaintiff's complaint. *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005). Such documents are treated as part of the complaint, and consequently, the court assumes that their contents are true for the purposes of a Rule **12(b)(6)** motion to dismiss. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003); *Schwartz v. Christiana Trust*, 2016 U.S. Dist. LEXIS 83186, 6-7 (D. Or. June 2, 2016).

In the present case, BANA requested the Court take judicial notice of three documents: (1) the Deed of Trust signed by Plaintiff, dated July 25, 2005 and recorded in the Clackamas County Official Records, document number 2005-071160; (2) Business Entity Data for America's Wholesale Lender from the Oregon Secretary of State Corporation Division Database; and (3) Business Entity Data for Countrywide Home Loans, Inc. from the Oregon Secretary of State Corporation Division Database.

The Deed of Trust relates to property located at 36480 SE Boitano Road, Sandy, OR 97055 (the "Property") which is the basis for this lawsuit.  Plaintiff references this Deed of Trust ("DOT") repeatedly in her Complaint.  Compl. ¶¶ 6, 24, 25, 27, 30, 33, 34, 35, 36.  Not only is the DOT a recorded document whose authenticity is not in question, it is also incorporated by

Page  3 -  **DEFENDANT BANK OF AMERICA, N.A.'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

KILMER VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
732 N.W. 19TH AVENUE
PORTLAND, OREGON 97209-1302
(503) 224-0055 · FAX (503) 222-5290

reference into the Complaint by Plaintiff's many references to the DOT, despite not being attached to the Complaint.  The business entity data for both America's Wholesale Lender and Countrywide Home Loans, Inc. are proper subjects of judicial notice as they are public records of the Oregon Secretary of State whose accuracy cannot reasonably be questioned. The business entity data is comprised of mailing addresses, officers, and business type- information provided to the Oregon Secretary of State from various corporate filings.

As all three documents are appropriate subjects for judicial notice, there was nothing improper or contrary to Oregon law about BANA requesting the Court to incorporate these documents into the record.

### B. Plaintiff's America's Wholesale Lender and Declaratory Relief Claims Fail as a Matter of Law.

BANA does not argue that this Court should apply laws from jurisdictions other than Oregon.  In cases of first impression, it is commonplace to cite to other cases from other states that have addressed the underlying issue.  States within the same federal circuit and cases on point are considered persuasive authority.

Plaintiff's lengthy diatribe of New York case law regarding a deed over to a fictitious entity being void does nothing more than attempt to obfuscate the real issue- which is America's Wholesale Lender ("AWL") was the registered assumed business name of Countrywide Home Loans, Inc. since 1995 in Oregon.  That Plaintiff wants to wax poetic that AWL had no articles of incorporation of bylaws or assets is simply a waste of paper.  There has never been any argument from BANA that AWL was a separate and distinct entity that was funding loans.  BANA has repeatedly stated that AWL was the assumed business name of Countrywide Home Loans, Inc.

An assumed business name is a legal vehicle that authorizes an entity to transact business under another name.  In fact, Oregon law specifically defines an assumed business name to be a name utilized to identify a business, "if at the time and place that the person carries on, conducts or transacts the business, **the person does not conspicuously disclose the**

Page  4 -   **DEFENDANT BANK OF AMERICA, N.A.'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

KILMER VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
732 N.W. 19TH AVENUE
PORTLAND, OREGON 97209-1302
(503) 224-0055 · FAX (503) 222-5290

**real and true name of each person that is carrying on, conducting or transacting the business.**" O.R.S. § 648.005(1)(a) (emphasis added). Consequently, there is no requirement under Oregon law for Countrywide Home Loans, Inc. to have identified themselves on the note or DOT or any other document once they registered AWL as an assumed name with the Oregon Secretary of State.

Plaintiff's declaratory relief claim must fail because there is no justiciable controversy. Plaintiff is confused by the difference between a controversy and a justiciable controversy. There is clearly a controversy, as Plaintiff and BANA disagree on whether America's Wholesale Lender existed at the time Plaintiff obtained the underlying loan. There is no *justiciable* controversy because Plaintiff clearly obtained a loan, is admittedly in default and judicially noticeable documents clearly show that America's Wholesale Lender was doing business as Countrywide Home Loans, Inc. at the time Plaintiff obtained her loan. Thus the entire basis of Plaintiff's claim that the Note and DOT are void has no foundation in law or fact. Plaintiff's desire for the foreclosure sale to stop does not create a justiciable controversy. Justiciable means that there is a legal issue to be decided by the Court. Here, the record clearly shows there is no issue to be decided by the Court and Plaintiff's request for declaratory relief fails as a matter of law.

      C.    **Plaintiff's Claim for Intentional Interference with Economic Relationship Still Fails.**

Plaintiff misunderstands BANA's argument. BANA is not arguing that it is illogical for a servicer and investor to have competing interests. Instead, BANA is arguing it is illogical for Plaintiff to assume that she and the investor both have an interest in providing her with a loan modification that substantially reduces the amount Plaintiff must repay the investor and reduces her interest rate. There is no "mutual prospective economic advantage." Compl. ¶ 32. Whether a borrower in default and the investor have the same interest in modifying the underlying loan depends upon a host of circumstances outside of Plaintiff's control and that have nothing to do with the servicer's alleged desire to pocket additional fees. Opp'n p. 10, lines 8-10. Plaintiff's

Page  5 -  **DEFENDANT BANK OF AMERICA, N.A.'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

KILMER VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
732 N.W. 19TH AVENUE
PORTLAND, OREGON 97209-1302
(503) 224-0055 · FAX (503) 222-5290

assertion to the contrary is simply a bald restatement of the elements needed to state a claim for IIER and not based on any factual reality.

Further, while Plaintiff is right that the standard is only notice pleading, her allegations still fail to state a claim for intentional interference with economic relationship ("IIER"). The problem is that Plaintiff's complaint directly contradicts her allegations of intentional interference by BANA with her business relationship with the investor. Plaintiff claims that BANA acted in bad faith by not evaluating Plaintiff properly for a loan modification. Opp'n p. 11, lines 1-3. Plaintiff bases this claim on the fact that although solicited under the National Mortgage Settlement ("NMS") she did not receive a modification under this program and the fact that she did not like the other loan modifications she was offered. Compl ¶¶ 19, 34. That BANA offered Plaintiff loan modifications seems to fly directly in the face of Plaintiff's claim that BANA wanted to keep Plaintiff in default to maximize fees. Opp'n p. 10, lines 10-12. Further, offering Plaintiff a loan modification, had Plaintiff accepted this modification, would have made the loan a performing loan and in the best interest of the investor. Opp'n p. 10, lines 8-10. By claiming on one hand that BANA interfered with her economic relationship with the investor by not offering her a loan modification, but then admitting that BANA did offer her a loan modification, just not one she desired, Plaintiff has rebutted her own claim for IIER. There can be no such claim without intentional inference and BANA clearly offered Plaintiff what she claims they did not- a loan modification. For the reasons stated above, Plaintiff's claim for IIER still fails as a matter of law.

### D. Plaintiff's Claim for Oregon Unfair Trade Practices Act Fails.

Plaintiff's claim for violations of the Oregon Unfair Trade Practices Act Claim ("OUTPA") is barred by the statute of limitations. Actions brought under the OUTPA must be commenced "within one year from the discovery of the unlawful method, act or practice." ORS 646.638(6). The period of limitations begins to run when the plaintiff knows or should have known of the alleged misconduct. *McCulloch v. Price Waterhouse LLP*, 157 Or. App. 237, 248,

Page  6 -  **DEFENDANT BANK OF AMERICA, N.A.'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

KILMER VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
732 N.W. 19TH AVENUE
PORTLAND, OREGON 97209-1302
(503) 224-0055 · FAX (503) 222-5290

971 P.2d 414 (1998). In determining when a plaintiff knows or should have known of misconduct, courts apply a two-step analysis: "First, it must appear that plaintiff had sufficient knowledge to excite attention and put a party upon his guard or call for an inquiry. [Second] [i]f plaintiff had such knowledge, it must also appear that a reasonably diligent inquiry would disclose the fraud." *Id*. (internal quotations omitted).

As Plaintiff's claim for violations of the OUTPA is centered on BANA's alleged improper solicitation for a NMS loan modification and refusal to deal with Plaintiff in good faith regarding a loan modification, then the date that Plaintiff's cause of action for violations of the OUTPA began on either November 30, 2013, when she was denied her appeal of the NMS loan modification denial for a failed NPV test, which Plaintiff claims she knew was false (Compl. ¶ 18) or on January 2, 2014, when Plaintiff was offered a loan modification that featured a payment higher than her monthly payment at that time. Compl. ¶ 19. If Plaintiff truly believed she was not being dealt with in good faith, it should have been crystal clear when she was offered a loan modification with a higher payment than her current loan. Consequently, Plaintiff's claim for violations of the OUTPA ran on or about January 2, 2015. As this lawsuit was not filed until July, 14, 2016, Plaintiff's claim is untimely, and her claim for violations of the OUTPA must be dismissed with prejudice.

### E.    Plaintiff Should Not be Allowed to Amend Her Claim for Breach of the Covenant of Good Faith and Fair Dealing.

Plaintiff alleges that she should be allowed to amend this claim because oral statements made by BANA along with a provision in the DOT allowing the investor or servicer to accept less than the payment due led Plaintiff to reasonably believe that BANA had agreed to modify her loan and BANA at that point had a duty to act in good faith. Opp'n p. 12, lines 1-10. Plaintiff should not be allowed to amend this claim to include oral promises, because any oral promises are barred by the statute of frauds.

Although normally an affirmative defense, the statutes of frauds may be used in a motion to dismiss under Fed. R. C. Pro. 12(b)(6) if the defense is apparent on the face of the complaint.

Page 7 - **DEFENDANT BANK OF AMERICA, N.A.'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

KILMER VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
732 N.W. 19TH AVENUE
PORTLAND, OREGON 97209-1302
(503) 224-0055 · FAX (503) 222-5290

See *McCalden v. Cal. Library Ass'n*. 955 F.2d 1214, 1219 (9th Cir. 1990); *Walchli v. Cmty. Bank*, Civ. No. 09-359-AC, 2010 U.S. Dist. LEXIS 51533, 2010 WL 2164874 (D. Or. Mar. 16, 2010).  Here, Plaintiff is asking to amend to add oral promises allegedly made.  To do so would make it clear from the face of the complaint that the statute of frauds acted as a bar to recovery.

The statute of frauds, in ORS § 41.580(1)(h), provides that "An agreement, promise or commitment to lend money" or "to modify or amend the terms under which the person has lent money or otherwise extended credit" must be in writing and subscribed by the party to be charged.  Any oral promises made by BANA to modify the terms of Plaintiff's loan are unenforceable under the statue of frauds and any attempt by Plaintiff to modify her breach of the covenant of good faith and fair dealing claim is futile.

### III.    CONCLUSION

For all the reasons discussed above, Plaintiff does not state any viable claim against BANA.  Moreover, it is evident that any amendment would be futile.  Therefore, BANA respectfully request that Plaintiff's Complaint be dismissed in its entirety with prejudice.

DATED:  October 3, 2016.

KILMER VOORHEES & LAURICK, P.C.

*/s/ James P. Laurick*
James P. Laurick, OSB No. 821530
jlaurick@kilmerlaw.com
732 NW 19th Avenue
Portland, OR  97209
Phone No.:  (503) 224-0055
Fax No.:  (503) 222-5290
Of Attorneys for Defendant Bank of America, N.A.

Page  8 -  **DEFENDANT BANK OF AMERICA, N.A.'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

KILMER VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
732 N.W. 19TH AVENUE
PORTLAND, OREGON 97209-1302
(503) 224-0055 · FAX (503) 222-5290

## CERTIFICATE OF SERVICE

I certify that on this 3rd day of October, 2016, the foregoing **DEFENDANT BANK OF AMERICA, N.A.'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT** will be served in accordance with the Court's CM/ECF system which will send notification of such filing by notice via email to the ECF participants of record a true copy of the foregoing document.

KILMER VOORHEES & LAURICK, P.C.

*/s/ James P. Laurick*
James P. Laurick, OSB No. 821530
jlaurick@kilmerlaw.com
732 NW 19th Avenue
Portland, OR  97209
Phone No.:  (503) 224-0055
Fax No.:  (503) 222-5290
Of Attorneys for Defendant Bank of America, N.A.

I:\10011\0056\Pleadings\BANA's Reply ISO Motion to Dismiss.docx

Page  1 -   CERTIFICATE OF SERVICE